# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

DAVID STEVEN BRAUN,

Plaintiff,

v.

GOOGLE, LLC,

Defendant.

Case No. 18-cv-02663-BLF

**ORDER STAYING DISCOVERY**

[Re: ECF 28]

The parties filed a joint discovery letter brief to Magistrate Judge Susan van Keulen in which Defendant Google, LLC requests the Court stay discovery pending resolution of its pending motion to dismiss Plaintiff David Steven Braun's Complaint. *See* ECF 28. The motion is more appropriately addressed to the undersigned.

A district court has "wide discretion in controlling discovery," *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988), and that discretion extends to staying discovery upon a showing of "good cause," *see* Fed. R. Civ. P. 26(c)(1)(A). Courts in this district have applied a two-pronged test to determine whether discovery should be stayed pending resolution of a dispositive motion. *See, e.g.*, *Gibbs v. Carson*, No. C-13-0860, 2014 WL172187, at *3 (N.D. Cal. Jan. 15, 2014); *Hamilton v. Rhoads*, No. C 11-0227 RMW (PR), 2011 WL 5085504, at *1 (N.D. Cal. Oct. 25, 2011); *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 220 F.R.D. 349, 351 (N.D. Cal. 2003). First, a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed. *Pac. Lumber Co.*, 220 F.R.D. at 351 (citation omitted). Second, the court must determine whether the pending motion can be decided absent discovery. *Id.* at 352 (citation omitted). "If the Court answers these two questions in the affirmative, a protective order may issue. However, if either prong of this test is not established,

discovery proceeds." *Id.* In applying this two-factor test, the court must take a "preliminary peek" at the merits of the pending dispositive motion to assess whether a stay is warranted. *Tradebay*, 278 F.R.D. at 602.

The Court has taken a peek at the merits of Google's motion to dismiss in considering whether a limited stay of discovery is warranted in this case. First, Google's motion is potentially dispositive. Second, discovery is unnecessary for resolution of the motion to dismiss, or any subsequent motion to dismiss. Accordingly, under Ninth Circuit law and the two-pronged approach applied by courts in this district, the Court finds that good cause exists to stay discovery. *See* Fed. R. Civ. P. 26(c)(1)(A). This discovery stay furthers the goal of efficiency for the court and the litigants, and is necessary to protect Google from oppressive discovery based on allegations that might not proceed.

For the reasons set forth above, discovery in this case is STAYED until Defendant is ordered to answer the complaint. The parties shall file a stipulated pre-trial schedule including discovery cut-off dates within fourteen (14) days of the lifting of the discovery stay.

**IT IS SO ORDERED.**

Dated: November 19, 2018

_____
BETH LABSON FREEMAN
United States District Judge