UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAVID STEVEN BRAUN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GOOGLE, LLC,<br><br>　　　　Defendant. | Case No. 18-cv-02663-BLF<br><br>**ORDER GRANTING MOTION TO DISMISS WITHOUT LEAVE TO AMEND; DISMISSING CASE WITH PREJUDICE**<br><br>[Re: ECF 10] |

Presently before the Court is Defendant Google, LLC's motion to dismiss pro se Plaintiff David Steven Braun's complaint in this action. *See* Mot., ECF 10. Because res judicata bars Plaintiff's claims, as discussed below, Google's motion is GRANTED WITHOUT LEAVE TO AMEND and the action is DISMISSED WITH PREJUDICE.

**I.   BACKGROUND**

The relevant background of this case begins in Montana, where Plaintiff David Steven Braun resides. On April 29, 2013, Braun filed an action in the Montana Eighteenth Judicial District Court, Gallatin County against Google, and Google removed the action to the District Court of Montana. *See Braun v. Google, Inc.*, No. 13-cv-00040-SHE ("Montana Case"), ECF 1.[1] In that case, Plaintiff alleged that he used Google's search engine and its mail services (Gmail), and that he purchased an android phone (a Google product). *See id.*, ECF 4 ("Mont. Compl.") at 1. He alleged that he used Google's search engine to look up various things, including the phone numbers and emails for various government facilities. *Id.* Apparently after conducting a search

---

[1] The Court may take judicial notice of the filings in the Montana action because they are undisputed matters of public record. *See Harris v. Cnty. of Orange*, 682 F.3d 1126, 1131–32 (9th Cir. 2012).

for a local government agency and visiting that agency, he "went to a local bar . . . and may have been pored [sic] a questionable drink. Some kind of Mikkie." *Id.*; *see also id.* at 4 (alleging he was "poored [sic] another mikkie" after visiting Washington, D.C. to meet government officials). He also complained that the emails he sent from his Gmail account to various governmental agencies (as well as personal emails) went unreturned by the recipients. He alleged that someone may have stolen his identity, allowing them unauthorized access to his emails. He apparently believed that government agencies were unlawfully accessing his accounts, perhaps via court order. *Id.* ("It has been used to . . . find out who I'm talking to, including people like us Marshals in federal court houses."). He allegedly contacted Google several times to remedy this issue, without response. *Id.* at 2–3. Ultimately, he asked that Google "disclose if there has been any unauthorized access to either my search history or email." *Id.* The Montana Court adopted the Magistrate Judge's report and recommendation to dismiss Plaintiff's claims with prejudice for failure to provide notice to Google and to state a valid claim for relief. *See* Montana Case, ECF 23, 24.

On May 7, 2018, Plaintiff filed the instant Complaint against Google. ECF 1. In the Complaint, he describes his use of Google's products, including Gmail and an Android phone. *Id.* at 2. He alleges that his email account and cell phone have been improperly accessed, perhaps through forged court orders. *Id.* He alleges that this information was used to "Mickie and or harass" him and to slander him. *Id.* He alleges that Google has been unresponsive to his complaints. *Id.* at 2–3. He also alleges that the local government may be involved in the unauthorized access. *Id.* at 4. He attaches to his Complaint a plethora of exhibits related to complaints he's made to local, state, and federal government agencies, as well as records of his interactions with such agencies. Ultimately, he alleges that he believes his "Google searches may have been monitored or accessed for a long time." *Id.* at 5. Later, he notes "these issues halve [sic] been around me . . . for many years." *Id.* at 8. He then lists twelve "counts" in his Complaint, though they are not legal causes of action, but instead further allegations based on the same or similar events. *See id.* at 6–7.

## II. LEGAL STANDARD

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III. DISCUSSION

In its motion to dismiss, Google argues that Plaintiff's Complaint should be dismissed with prejudice because it is barred by res judicata and because it fails to provide notice of the claims against Google under Fed. R. Civ. P. 8(a). *See generally* Mot. The Court agrees that Plaintiff's claims are barred by res judicata, and thus need not determine whether Plaintiff's Complaint states a claim for relief.

"The doctrine of res judicata provides that 'a final judgment on the merits bars further claims by parties or their privies based on the same cause of action.'" *In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997) (quoting *Montana v. United States*, 440 U.S. 147, 153–54 (1979)). Under Federal Rule of Civil Procedure 8(c), res judicata may be raised as an affirmative defense in response to a pleading. To establish the defense of res judicata, a party must prove three elements: "(1) an identity of claims, (2) a final judgment on the merits, and (3) [identity or] privity between parties." *Tahoe–Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003); *see also Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313 (1971). Although res judicata is a defense, a party may assert it in a motion to dismiss where "the defense raises no disputed issues of fact." *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984).

3

All three requirements for res judicata are met here. First, there is an identity of claims. "Identity of claims exists when two suits arise from 'the same transactional nucleus of facts.'" *Tahoe*, 322 F.3d at 1078 (quoting *Stratosphere Litig. L.L.C. v. Grand Casinos, Inc.*, 298 F.3d 1137, 1143 n.3 (9th Cir. 2002)). Even where the second action may raise new claims, "[n]ewly articulated claims based on the same nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action." *Id.* In addition to determining whether the suits share the same nucleus of facts, courts also look to the following three factors in determining identity of claims: "(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; [and] (3) whether the two suits involve infringement of the same right." *Howard v. City of Coos Bay*, 871 F.3d 1032, 1039 (9th Cir. 2017) (quoting *Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012)). However, the nucleus of facts criterion is "the most important." *Harris*, 682 F.3d at 1132.

Plaintiff's claims here arise out of the same transactional nucleus of facts. Both complaints contain allegations related to unauthorized access into Plaintiff's Gmail account and phone, and Google's alleged failure to appropriately respond. Both complaints discuss the potential role of government agencies in this access and the subsequent use of the information by those agencies to harm Plaintiff, including perhaps to "mickie" him. Likewise, the instant Complaint notes that these problems have been around for quite some time, further connecting these allegations to those in Plaintiff's 2013 Montana Complaint. These connections are sufficient to demonstrate that the complaints deal with the same nucleus of facts. Moreover, to the extent the three additional factors can be discerned from the Complaint, each weighs in favor of finding the claims identical. Though in his Opposition Plaintiff alleges that new evidence has come to light since his 2013 complaint, *see* Opp. at 3–4, ECF 13, it is unclear how this evidence applies to Google, as the crux of the instant Complaint as to Google is targeted at the unauthorized access of Plaintiff's account—the same conduct alleged in his 2013 complaint. Even if Plaintiff's allegedly stolen information has been used in new ways since 2013, the Complaint does not allege that Google is

the one using the information; instead Google's role is limited to unauthorized access. Thus, given the similarity between the allegations, the Court finds an identity of claims.

As to the second criteria for res judicata, the Montana Complaint was dismissed with prejudice, which constitutes a final judgment on the merits. Plaintiff argues that res judicata does not apply because the Montana Court believed "it could not render any Judgment for the Plaintiff due to [a] background check." Opp. at 2. This is incorrect. The Montana Court entered a final judgment because Plaintiff was unable to state a claim. *See* Montana Case, ECF 24, 25.

Third, and finally, the parties in the actions are identical. Plaintiff does not dispute this fact.

Accordingly, Plaintiff's claims are barred by res judicata. Because amendment would be futile, the case is dismissed with prejudice.

## IV. CONCLUSION

For the foregoing reasons, the motion to dismiss is GRANTED and the case is DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED.**

Dated: December 10, 2018

BETH LABSON FREEMAN
United States District Judge